Mark H. Nys (SBN 188257)
E-mail: mnys@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Attorneys for Defendants
EDEN RELOCATION INC. dba
HAWAIIAN VAN LINES; and
UNIVERSE SYSTEMS, INC. dba
HAWAIIAN SHIPPING aka HAWAIIAN
SHIPPERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

STEPHEN KING,

Plaintiff,

v.

EDEN RELOCATION INC. dba HAWAIIAN VAN LINES; UNIVERSE SYSTEMS, INC. dba HAWAIIAN SHIPPING aka HAWAIIAN SHIPPERS; and DOES 1 through 20, inclusive,

Defendants.

Case No. 2:26-cv-01408-BFM

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Hon. Brianna Fuller Mircheff

Defendants EDEN RELOCATION INC. dba HAWAIIAN VAN LINES; and UNIVERSE SYSTEMS, INC. dba HAWAIIAN SHIPPING aka HAWAIIAN SHIPPERS (“Defendants”) answer Plaintiff’s Complaint as follows:

**PARTIES**

Responding to the allegations in Paragraph 1, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

Responding to the allegations in Paragraph 2, Defendants admit the allegations.

Responding to the allegations in Paragraph 3, Defendants admit the allegations.

**PRELIMINARY BACKGROUND**

Responding to the allegations in Paragraph 4, Defendants admit this case involves an interstate move from Sides, Oregon to Honolulu, Hawaii. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 5, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 6, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 7, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 8, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 9, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 10, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 11, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 12, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 13, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 14, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 15, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 16, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 17, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 18, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

## VENUE

Responding to the allegations in Paragraph 19, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 20, Defendants admit that their principal place of business is in the County of Los Angeles. The remaining allegations call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 21, the allegations call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 22, the allegations call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 23, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

Responding to the allegations in Paragraph 24, Defendants incorporate by reference responses to paragraphs 1-23, inclusive, set forth above.

Responding to the allegations in Paragraph 25, Defendants admit this case involves an interstate move from Sides, Oregon to Honolulu, Hawaii. Defendants deny that Exhibit A to the Complaint is a contract for said move. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 26, Defendants deny that Exhibit A to the Complaint is a contract for said move. As to the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 27, Defendants deny that Exhibit A to the Complaint is a contract for said move. As to the remaining allegations, Defendants deny the remaining allegations.

Responding to the allegations in Paragraph 28, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations. The allegations also call for legal conclusions to which no response is required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 29, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

**SECOND CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION AS TO HAWAIIAN VAN LINES AND DOES 1-20**

Responding to the allegations in Paragraph 30, Defendants incorporate by reference responses to paragraphs 1-29, inclusive, set forth above.

Responding to the allegations in Paragraph 31, Defendants deny that Exhibit A to the Complaint is a contract for said move. Defendants admit that Exhibit A reflects a Basic Estimate Price of $22,320, a full packing services of $2,976.00 and Insurance of $1,000 for $50,000 in coverage. As for the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

Responding to the allegations in Paragraph 32, Defendants deny that Exhibit A to the Complaint is a contract for said move. Defendants admit that Exhibit A reflects a Basic Estimate Price of $22,320, a full packing services of $2,976.00 and Insurance of $1,000 for $50,000 in coverage. As for the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

Responding to the allegations in Paragraph 33, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 34, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 35, the allegations call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 36, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that Plaintiff was harmed and is entitled to any relief.

**THIRD CAUSE OF ACTION**

**CONCEALMENT AS TO HAWAIIAN VAN LINES AND DOES 1-20**

Responding to the allegations in Paragraph 37, Defendants incorporate by reference responses to paragraphs 1-36, inclusive, set forth above.

Responding to the allegations in Paragraph 38, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations. Defendants deny the estimate was deceptive.

Responding to the allegations in Paragraph 39, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

Responding to the allegations in Paragraph 40, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations. The allegations also call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations. Defendants deny intent to deceive King by concealing the facts.

Responding to the allegations in Paragraph 41, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that Plaintiff was harmed and is entitled to any relief.

**FOURTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION AS TO HAWAIIAN VAN LINES AND DOES 1-20**

Responding to the allegations in Paragraph 42, Defendants incorporate by reference responses to paragraphs 1-41, inclusive, set forth above.

Responding to the allegations in Paragraph 43, Defendants deny that Exhibit A to the Complaint is a contract for said move. Defendants admit that Exhibit A reflects a Basic Estimate Price of $22,320, a full packing services of $2,976.00 and Insurance of $1,000 for $50,000 in coverage. As for the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

Responding to the allegations in Paragraph 44, Defendants deny that Exhibit A to the Complaint is a contract for said move. Defendants admit that Exhibit A reflects a Basic Estimate Price of $22,320, a full packing services of $2,976.00 and Insurance of $1,000 for $50,000 in coverage. As for the remaining allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations.

Responding to the allegations in Paragraph 45, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 46, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 47, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 48, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that Plaintiff was harmed and is entitled to any relief.

**FIFTH CAUSE OF ACTION**

**HOLDING HOUSEHOLD GOODS HOSTAGE AS TO HAWAIIAN VAN LINES AND DOES 1-20**

Responding to the allegations in Paragraph 49, Defendants incorporate by reference responses to paragraphs 1-48, inclusive, set forth above.

Responding to the allegations in Paragraph 50, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 51, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 52, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 53, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 54, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 54, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 55, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations. The allegations also call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

Responding to the allegations in Paragraph 56, the allegations call for legal conclusions to which no response required. To the extent a response is required, Defendants deny the allegations. Defendants further deny that Plaintiff was damaged and is entitled to any relief.

**SIXTH CAUSE OF ACTION**

**PROPERTY DAMAGE AS TO HAWAIIAN VAN LINES AND HAWAIIAN SHIPPING AND DOES 1-20**

Responding to the allegations in Paragraph 57, Defendants incorporates by reference responses to paragraphs 1-56, inclusive, set forth above.

Responding to the allegations in Paragraph 58, Responding to the allegations in Paragraph 58, Defendants are without sufficient knowledge or information to admit or deny the allegations because Defendants lack knowledge sufficient to form a belief about truth of the allegations. The allegations also call for legal conclusions to which no response required. To the extent response is required, Defendants deny the allegations.

**PRAYER FOR RELIEF**

1. That Plaintiff takes nothing by the Complaint;
2. That Plaintiff takes nothing by the Complaint;
3. That Plaintiff takes nothing by the Complaint;
4. For such attorney's fees as may be allowed by law;
5. That Plaintiff takes nothing by the Complaint;
6. For such other and further relief as the court deems just and proper.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendants allege on information and belief as to each of the alleged causes of action as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint and each claim for relief therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff's claims for damages are barred in whole or in part because Plaintiff failed to mitigate her damages, despite an obligation to do so.

### THIRD AFFIRMATIVE DEFENSE

**(Good Faith)**

At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

**(Statute of Frauds)**

Plaintiff's claims are barred by the Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

**(Waiver/Estoppel/Consent)**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or consent.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Non-Parties)**

One or more non-parties not yet identified may be responsible for Plaintiff's damages.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Setoff and Recoupment)**

Plaintiff's alleged damages, if any, must be limited or reduced to include an offset for Plaintiff's beneficial use of the vehicle.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Join Necessary Parties)**

Plaintiff may have failed to join necessary parties.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Setoff for Recovery from Third Party)**

To the extent Plaintiff obtains any recovery from any other third party, Defendants claim a setoff with respect to said recovery.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Allegations Denied)**

Any allegations in Plaintiff's Complaint not heretofore specifically admitted or denied are now specifically denied.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(No Actual Injury)**

Plaintiff has suffered no actual injury due to Defendants' conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statutory Limitation on Damages)**

Damages, if any, are capped or limited by federal and state statutes.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims for damages are barred in whole or in part by the applicable statute of limitations and filing limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Standing/Mootness)**

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing and/or her claims are moot.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Duplicative Claims/Damages)**

Some of Plaintiff's causes of action are barred because they are duplicative, and he is not entitled to double or triple damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Liability for Acts of Others)**

Plaintiff's claimed damages, if any, are due to the fault of others over whom Defendants have no control and for whom Defendants are not responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

The claims for injunctive relief are barred because Plaintiff has adequate remedies at law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Independent Acts)**

At all relevant times, Defendants acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Contribution)**

Should Plaintiff recover damages against Defendants, Defendants are entitled to have the amount abated, apportioned, or reduced to the extent that any other party's negligence caused or contributed to damages (including Plaintiff's).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Wrongful Acts)**

Any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

Plaintiff has failed to join necessary and/or indispensable parties.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Plaintiff is not entitled to punitive damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive damage liability.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff has received more than he is entitled and has therefore been unjustly enriched.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Comparative)**

To the extent that the damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against the Defendants be only in an amount which is

proportionate to the extent and percentage by which the Defendants' acts or omissions contributed to Plaintiff's damages, if at all.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Defendants did not breach any duty owed to Plaintiff.

**RESERVATION OF RIGHTS**

Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses may be appropriate.

**JURY DEMAND**

Defendants, by and through their attorneys of record hereby demand a trial by jury of any and all issues triable of right by jury in the above-caption case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 13, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Mark H. Nys
Mark H. Nys
Attorneys for Defendants
EDEN RELOCATION INC. dba
HAWAIIAN VAN LINES; and
UNIVERSE SYSTEMS, INC. dba
HAWAIIAN SHIPPING aka
HAWAIIAN SHIPPERS