**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

|  |  |
|---|---|
| STEPHEN KING, et al., | No. 2:26-cv-01408-BFM |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND** |
| v. | |
| EDEN RELOCATION, INC., et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand. (ECF 8.) For the reasons below, the Motion is **denied**.

## I.    Background

This action arises out of Plaintiff's agreement with Hawaiian Van Lines to ship his household goods from Oregon to Hawaii. (ECF 1-2 at 6-21 (Compl.).) Plaintiff alleges that Defendants demanded payment that exceeded what the parties had agreed to, delayed delivery, misled him about the nature of the insurance coverage for the household goods, did not disclose that another company would be responsible for performing the transportation, and damaged the Porsche that had been entrusted to them for delivery. (Compl. ¶¶ 4-17.) Plaintiff sued Eden Relocation, Inc. (dba Hawaiian Van Lines) and Universe

Systems, Inc. (dba Hawaiian Shipping) in the Los Angeles County Superior Court, raising, among other things, breach of contract and fraud claims. (Compl. at 1.)

On February 11, 2026, Defendants removed the matter to this Court, citing both diversity of citizenship and federal question as the basis for federal jurisdiction. (ECF 1 at 2-5.) In that notice of removal, Defendants stated that the Carmack Amendment preempted Plaintiff's state-law causes of action and gave rise to federal question jurisdiction. (ECF 1 at 3-4.)

Plaintiff moved to remand this action, arguing that diversity of citizenship does not provide a basis for removal, and that the only "federal question" was presented by Defendants' defense and not Plaintiff's claims. (ECF 8-1 (Mot.); ECF 11 (Reply).) Defendants opposed the Motion, contending that the Carmack Amendment preempts Plaintiff's state-law claims and that the complaint is accordingly deemed to arise under federal law for jurisdictional purposes. (ECF 10 (Opp'n).) The matter is fully briefed and ready for decision.

## II.   Legal Standard

In general, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.*

Federal courts have jurisdiction over two categories of cases: cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). The two bases for jurisdiction serve distinct purposes: "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral

2

forum' for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). Here, while Defendants' notice of removal invokes diversity jurisdiction, their Opposition makes clear that federal jurisdiction in this case turns on federal question jurisdiction, not diversity. (Opp'n at 4.)

Regarding federal question jurisdiction, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (federal question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law"). Federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court based on the possibility of a federal defense, even the defense of pre-emption and even if the defense is anticipated in the plaintiff's complaint. *Id.* at 393.

Under the corollary "artful pleading" doctrine, however, "a well-pleaded state law claim" may "present[] a federal question when a federal statute has completely preempted [a] particular area of law." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)); *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998)) ("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions."). In an area of complete preemption, any claim purportedly based on a preempted state law "is considered, from its inception, a federal claim, and therefore arises under federal law." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (cleaned up); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1,

24 (1983) ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"). In short, a "completely preempted claim may be removed to district court under § 1441." *Hall*, 476 F.3d at 687.

### III. Discussion

Defendants do not claim that Plaintiff's well-pleaded complaint contains any federal claim. (ECF 1 at 2; Opp'n at 3-4.)[1] The motion, then, turns on whether the Carmack Amendment completely preempts Plaintiff's state-law causes of action.

The Carmack Amendment is a "federal statute that provides the exclusive cause of action for interstate shipping contract claims." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008) (citing *Hall*, 476 F.3d at 687-88). It is among the limited number of statutes well-established to "completely preempt" certain well-pleaded state claims involving such contracts. *Hall*, 476 F.3d at 687 (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Specifically, the Carmack Amendment completely preempts state law claims "alleging delay, loss, failure to deliver and damage to property," so long as the amount in controversy exceeds $10,000. *White*, 543 F.3d at 584.

Here, the Complaint includes state-law causes of action that are completely preempted by the Carmack Amendment. *White*, 543 F.3d at 584. Claim Six, which alleges property damage to a car transported by Defendants, is most certainly preempted. *See Hall*, 476 F.3d at 688 (deeming it "well settled"

---

[1] Claim Five cites both a federal statute, 49 U.S.C. § 14915, and state law. (Compl. ¶¶ 50-56.) Plaintiff argues that that provision does not give rise to federal question jurisdiction. (Reply at 3.) Defendants do not rely on Claim Five as a basis for federal question jurisdiction, and given the other bases for federal jurisdiction discussed in this Order, the Court does not need to consider whether that provision alone would give rise to federal question jurisdiction.

4

that the Carmack Amendment "is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property").

Beyond that, and contrary to Plaintiff's arguments (Reply at 4), the Carmack Amendment also preempts contract claims even where the claim is not premised on loss or damage to property. *Id.* at 688-89. In *Hall* itself, the contract claim was, like the claim here, premised on allegations that the defendant delayed delivery and demanded charges in excess of the amount originally agreed to before delivering the plaintiff's property. *Id.* at 686. The Ninth Circuit concluded that that claim, too, was preempted, noting that "making finer distinctions between types of contract damages would defeat the purpose of the statute, which was to create uniformity out of disparity." *Id.* (cleaned up); *BNSF Logistics, LLC v. L & N Exp., Inc.*, No. C 11-5810-PJH, 2012 WL 525526, at *4 (N.D. Cal. Feb. 16, 2012) (finding breach of contract claim premised on failure to update contact information and respond to emails preempted by Carmack Amendment); *White v. Mayflower Transit, LLC*, 481 F. Supp. 2d 1105, 1108 (C.D. Cal. 2007) (claim that defendant improperly billed plaintiff above and beyond the contract price was preempted by Carmack Amendment), *aff'd*, 543 F.3d 581, 585 (9th Cir. 2008) (plaintiff's claim for "improper billing/overcharging" preempted by Carmack Amendment).

Moreover, the Complaint alleges the amount in controversy exceeds $10,000, and Plaintiff does not contend otherwise. Plaintiff himself alleges that the amount in controversy is "over $25,000." (Compl. ¶ 23.) Moreover, the specific losses alleged in the Complaint clearly surpass the threshold set by the Carmack Amendment; those include the $47,886 Plaintiff paid beyond the $25,296 contract estimate, plus the $1,244.60 in damage to Plaintiff's Porsche. (Compl. ¶¶ 9-16, 17.)

The Court need not decide at this juncture whether each aspect of each claim against each Defendant is completely preempted, because the presence of

a single claim over which there is federal question jurisdiction provides a basis for this Court to extend supplemental jurisdiction to other closely related claims—so long as the claims have an amount in controversy that exceeds $10,000. *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) ("Because at least one of Smallwood's claims was preempted by the Carmack Amendment, the district court had subject matter jurisdiction."). Such claims exist here, and that is sufficient to decide the present motion.

### IV.   Plaintiff's Request for Fees

In his Motion, Plaintiff requests fees and costs under 28 USC § 1447(c) and Local Rule 7-3. (Mot. at 4-5.) Section 1447(c) is premised on a successful motion to remand, and Plaintiff's bid to remand the case was unsuccessful. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")

### V.   Conclusion and Order

For the reasons above, Plaintiff's Motion to Remand (ECF 8) is **denied**.

DATED: March 31, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6